**GENERAL MOTORS CORPORATION,
Petitioner,**

v.

**Douglas M. COSTLE, Administrator, and
United States Environmental Protection
Agency, Respondents.**

**Nos. 78–3199, 78–3642.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 5, 1979.

Decided Oct. 16, 1980.

Louis E. Tosi, John P. Murtagh, Fuller, Henry, Hodge & Snyder, Toledo, Ohio, Leonard F. Charla, Detroit, Mich., for petitioner in both cases.

Julius J. Hollis, General Motors Corp., Detroit, Mich., for petitioner in No. 78–3199.

Otis M. Smith, General Motors Corp., David W. Graves, Jr., Detroit, Mich., for petitioner in No. 78–3642.

Mary Ann Muirhead, Environmental Protection Agency, Chicago, Ill., Paul M. Kaplow, Ronald C. Hausmann, Dept. of Justice, Pollution Control Section, Land & Natural Resources Division, Washington, D. C., for respondents in both cases.

Before EDWARDS, Chief Judge, and PHILLIPS and PECK, Senior Circuit Judges.

HARRY PHILLIPS, Senior Circuit Judge.

General Motors Corporation has filed petitions to review the designations by the United States Environmental Protection Agency (USEPA) of certain portions of Defiance, Richland and Montgomery Counties, Ohio, as nonattainment areas for total suspended particulates. 40 C.F.R. 81.336 (1978). The petitions are filed pursuant to § 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1).

This is a part of the ongoing litigation relating to the promulgations of the United States Environmental Protection Agency in Ohio. For a more comprehensive history see *Republic Steel Corp., et al. v. Costle, [EPA]*, 621 F.2d 797 (6th Cir. 1980); *Cincinnati Gas & Electric Co. v. EPA*, 578 F.2d 660 (6th Cir. 1978), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1017, 59 L.Ed.2d 72 (1979); *Cleveland Electric Illuminating Co. v. EPA*, 572 F.2d 1150 (6th Cir.), *cert. denied*, 439 U.S. 910, 99 S.Ct. 278, 58 L.Ed.2d 256 (1978).

General Motors seeks a remand to US-EPA for reconsideration of the promulgations, which are alleged to be so fraught with errors as to make them unlawful, arbitrary and capricious. We conclude that, on the record in the present case, we cannot hold that the decision of the Administrator is unlawful, arbitrary or capricious. Accordingly, we dismiss the petition for review as to USEPA determinations for Richland and Montgomery Counties.

I

The purposes of the Clean Air Act, as amended in 1977, (the Act), 42 U.S.C. §§ 7401 *et seq.*, are to protect and enhance the quality of air resources so as to promote the public health; to initiate a national research program to prevent and control air pollution; to provide technical and financial assistance to the states and local governments for their air pollution programs; and to encourage and assist the development of such programs. 42 U.S.C. § 7401.

In an effort to facilitate the achievement of these purposes, § 107(d) of the Act, 42 U.S.C. § 7407(d), directs each state to identify to the Administrator of the USEPA regions within the state and their national ambient air quality standard (NAAQS), for different pollutants, as generally either: (1) not meeting the primary NAAQS; (2) not meeting the secondary NAAQS; or, (3) unclassifiable. 42 U.S.C. § 7407(d). Congress expressed the intent to provide for the attainment of ambient air quality standards by December 31, 1982. 42 U.S.C. § 7502(a)(1).

The Ohio EPA submitted its list of nonattainment areas to Region V of the USEPA in December 1977. Region V disagreed with some of Ohio's designations and submitted its recommendations to the USEPA in January 1978. The USEPA promulgated its status designations on March 3, 1978. *See* 40 C.F.R. §§ 81.301 *et seq.* It did so without the opportunity for prior public

comment but provided for a post–promulgation comment period. This court upheld the Administrator's failure to provide for a pre–promulgation comment period in *Republic Steel Corp., et al. v. EPA, supra*, 621 F.2d at 803–05.

General Motors submitted its post–promulgation comments to the USEPA on May 2, 1978, and simultaneously filed its petition for review.

In September 1978, the USEPA responded to the submitted comments, 43 Fed.Reg. 40412 (1978), and issued a final rulemaking which amended some Ohio designations and also responded to specific comments. 43 Fed.Reg. 45993 (1978). General Motors then filed a petition for review on December 4, 1978, which was consolidated with the earlier petition.

General Motors challenges the USEPA's promulgations for total suspended particulates (TSP) for Defiance, Richland, and Montgomery Counties. In its May 1978, comments, petitioner disagreed with the primary nonattainment designation for Richland Township (excluding the City of Defiance) in Defiance County.

On March 12, 1980, the USEPA at 45 Fed.Reg. 17597 (1980) published a proposed rule to redesignate Richland Township (excluding the City of Defiance) in Defiance County, from primary nonattainment to secondary nonattainment for TSP. We, therefore, find it unnecessary to consider petitioner's arguments with respect to Defiance County.

## II

In the March 1978 promulgations, the USEPA designated Richland County as nonattainment for the primary standard for TSP. General Motors contends that the three monitors surrounding its plant near Mansfield, Richland County, Ohio, showed no violations of the NAAQS for TSP. These data were submitted to the USEPA along with General Motors' comments. The USEPA refused to consider the data, labeling it "not quality assured." 43 Fed.Reg.

46000 (1978). Further, the USEPA contends, four of the five monitor sites near Mansfield showed violations of the primary annual TSP standard and the monitoring network in the county was not deemed extensive enough to warrant subcounty designations as permitted by 42 U.S.C. § 7407(d).

These petitions for review, brought pursuant to 42 U.S.C. § 7607, can result in reversal only if the action of the Administrator is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. 706(2)(A); *Republic Steel Corp. v. Costle, supra*, 621 F.2d 797 (6th Cir. 1980).[1]

Respondents' brief states:

EPA reviewed the GM data and requested that the state review the data. On August 3, 1978, the state recommended to EPA that the county–wide designation not be changed because the available data "failed to clearly identify an attainment boundary." Moreover, the State commented that its in–progress plan revision of Richland County would clarify the "full extent of the nonattainment area." Rec.Doc. at 42, App. at 468. In other words, the state recommended that the designation not be changed until its further analysis of air quality in the area was completed. Therefore, based on the state's recommendation on the proper boundary of the nonattainment area, the Administrator reaffirmed the nonattainment designation of the entire County. 43 Fed.Reg. 46013.

The USEPA stated at 43 Fed.Reg. 46000 that it ignored the General Motors data because it lacked quality assurance.

■ The facts and circumstances revealed by the record surrounding the promulgation for Richland County lead us to conclude that the Administrator cannot be held to have acted in an arbitrary and capricious manner in designating the county as nonattainment as a whole for the TSP primary NAAQS.

Therefore, we affirm the action of the Administrator in promulgating Richland

---

1. *See also U.S. Steel Corp. v. USEPA*, 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980) (dissent from denial of certiorari).

County as nonattainment for TSP primary NAAQS.

## III

Petitioner also challenges the designations in Montgomery County where its Delco Products–Kettering plant is located. In 1977, the Ohio EPA recommended a TSP nonattainment designation around the plant as well as TSP attainment/nonattainment designations in other parts of the county. The recommendation was accepted by the USEPA and promulgated with the sole refinement of classifying nonattainment areas as either primary or secondary nonattainment. The Delco Products plant was designated secondary nonattainment for TSP.

As in the case of Richland County, General Motors had been monitoring its Delco Products plant in Montgomery County and submitted documentation to the USEPA of its TSP attainment status taken from its own monitoring network.

After the post–promulgation comment period, in October 1978, the USEPA promulgated revised designations. The Delco Products plant was now placed in a small attainment "island".

The Montgomery County designations were developed by the Dayton Regional Air Pollution Control Agency using a computer mapping program called SYMAP. SYMAP uses actual monitored air quality data to produce isopleths which represent the cut points between levels of TSP concentrations. The isopleths are then roughly conformed to geographic or political boundaries and the proper designations are applied to each area.

General Motors alleges in argument that it reviewed the use of SYMAP by the agency as it applied to Montgomery County and found a number of gross errors which it passed along to the USEPA in the form of supplementary comments on November 20, 1978.

The three major errors alleged by General Motors were caused by the short time period the agency had to produce the boundaries with SYMAP (six working days): (1) the SYMAP isopleths were imposed on a map which was not drawn to scale, thus making the boundaries of the attainment "island" inaccurate; (2) the agency placed no limit on the range of influence of the data from each monitor; the stations' influence on each other distorted the isopleths; and (3) the data from a number of monitors were entered as if it came from a single monitor. General Motors also contends that the revised designation in Montgomery County was made by hand drawing a line around the Delco Products plant which roughly encompassed the five monitors sited at the plant, thus reducing the sphere of influence of each monitor.

■ Upon consideration of the record and the briefs and oral arguments of the counsel, we conclude that the Administrator did not act in an arbitrary and capricious manner in promulgating the designations for Montgomery County.

The petition to review is dismissed as to the promulgations for Richland and Montgomery Counties. The matter is remanded to USEPA for further proceedings.

No costs are taxed. Each party will bear its own costs in this court.